## In re: CONSECO LIFE INSURANCE CO. LIFETREND INSURANCE MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2124.

United States Judicial Panel on Multidistrict Litigation.

Feb. 3, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendant Conseco Life Insurance Co. (Conseco) seeks centralization, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the three actions listed on Schedule A in the Middle District of Florida or, alternatively, the Southern District of Indiana. The defendant's motion encompasses an action each in the Northern District of California, the Middle District of Florida, and the Northern District of Florida.

Plaintiffs in the Northern District of Florida action support Conseco's motion and request that the Panel allow limited discovery concerning the insurance agency which sold them their policy. Plaintiff in

this matter.

the Middle District of Florida action supports centralization in the Middle District of Florida. Plaintiffs in the Northern District of California action oppose centralization and, alternatively, support selection of the Northern District of California as the transferee district.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual allegations concerning the failure of certain Conseco Lifetrend policy premiums to "vanish" as represented, Conseco's failure to timely notify certain policyholders that their policies had become underfunded, and/or Conseco's imposition of substantial additional premiums and, relatedly, increased fees on such policies. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We deny the request of plaintiffs in the Northern District of Florida action for us to decide whether to allow them to conduct certain case-specific discovery. Such issues are more appropriately decided by the transferee judge.

The Northern District of California stands out as an appropriate transferee forum. One of the putative nationwide class actions is pending in this district and is advancing well. Accordingly, Judge Susan Yvonne Ulston has had an opportunity to become familiar with this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Yvonne Illston for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2124 — IN RE: CONSECO LIFE INSURANCE CO. LIFETREND INSURANCE MARKETING AND SALES PRACTICES LITIGATION

*Northern District of California*
*Cedric Brady, et al. v. Conseco, Inc., et al.*, C.A. No. 3:08–5746

*Middle District of Florida*
*Bill W. McFarland v. Conseco Life Insurance Co.*, C.A. No. 3:09–598

*Northern District of Florida*
*William R. Muldrow, et al. v. Conseco Life Insurance Co., et al.*, C.A. No. 4:08–552